UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN INSURANCE COMPANY, a Nebraska corporation,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM E. GRAY, an individual, WILLIAM E. GRAY AND CHERYL GRAY, husband and wife and their marital community, RICHARD L. BATES, an individual, and RICHARD W. BATES, an individual,<br><br>Defendants. | CASE NO. C07-5066RJB<br><br>**ORDER DENYING MOTION FOR DEFAULT JUDGMENT** |

This matter comes before the Court on Plaintiff's Notice of Motion and Motion for Default Judgment. Dkt. 5. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

On February 12, 2007, Plaintiff, American Insurance Company, filed a Complaint against Defendants William E. Gray, Cheryl Gray, Richard L. Bates, and Richard W. Bates. Dkt. 1. On February 27, 2007, attorney Patricia Kay Buchanan filed a notice of appearance on behalf of Defendant William Gray. Dkt. 8. On April 12, 2007, pro se Defendant Cheryl Gray filed an Answer to the Complaint. Dkt. 9. On April 13, 2007, Plaintiff filed the pending Notice of

ORDER
Page 1

1  Motion and Motion for Default Judgment (Dkt. 5), asking the Court to enter a default judgment
2  pursuant to Federal Rule of Civil Procedure 55 against Defendant William Gray and Defendant
3  Richard L. Bates. Dkt. 5-1, at 1. Plaintiff does not ask for entry of a default judgment against
4  Defendant Cheryl Gray or Defendant Richard W. Bates. *See* Dkt. 5-1.

5  On April 13, 2007, Defendant William Gray filed an Answer to the Complaint. Dkt. 8. On
6  April 18, 2007, attorney Patricia Kay Buchanan filed a notice of appearance on behalf of
7  Defendant Richard L. Bates (Dkt. 10), and on April 19, 2007, Richard L. Bates submitted an
8  Answer (Dkt. 11).

9  On April 19, 2007, William Gray and Richard L. Bates filed a joint Response to Plaintiff's
10 Motion for Default Judgment. Dkt. 12. On April 23, 2007, Plaintiff filed a Reply in which
11 Plaintiff recognized the Answers of both William Gray and Richard L. Bates. Dkt. 14. Plaintiff's
12 Reply is not clear, but Plaintiff appears to have withdrawn its Motion for Default Judgment and
13 instead asks the Court for attorney's fees and expenses incurred in briefing and filing the Motion
14 for Default Judgment. Dkt. 14, at 2.

15 **II.   DISCUSSION**

16 **A.   DEFAULT JUDGMENT STANDARD**

17 Generally, a defendant must serve an answer "within 20 days after being served with the
18 summons and complaint." Fed. R. Civ. P. 12(a)(1). Federal Rule of Civil Procedure 55(a)
19 permits the entry of default in the event "a party against whom a judgment for affirmative relief is
20 sought has failed to plead or otherwise defend." A party may seek a judgment by default from the
21 court, but if the party "against whom judgment is by default is sought has appeared in the action,
22 the party . . . shall be served with written notice of the application for judgment at least 3 days
23 prior to the hearing on such application." Fed. R. Civ. P. 55(b). A default judgment is a final
24 judgment that terminates the litigation and decides the dispute. *See* Fed. R. Civ. P. 55(b); *Ackra*
25 *Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852 (8th Cir. 1996).

26 **B.   ENTRY OF DEFAULT AND AWARD OF SANCTIONS ARE NOT APPROPRIATE**
27

28 While, under the Federal Rules of Civil Procedure, William Gray and Richard L. Bates

1 were late in filing an answer, both Defendants have now rectified the situation. *See* Dkts. 1, 4, 5,
2 8, 10, and 11. While the Court does not condone purposeful or intentional delays in the
3 proceedings, the Court, along with Plaintiff, "recognizes that federal courts prefer to resolve
4 disputes on the merits rather than by default. Because now both defendants . . . have answered,
5 that is exactly what should happen in this case." Dkt. 14, at 2. Therefore, Plaintiff's Motion for
6 Default Judgment (Dkt. 5) should be denied.

7 Further, Plaintiff does not make a sufficient showing that an award of attorney's fees or
8 monetary sanctions are appropriate under the facts or under an applicable rule or statute.
9 Therefore, Plaintiff's request for attorney's fees (Dkt. 14) should be denied.

### III.   ORDER

Therefore, it is hereby

**ORDERED** that Plaintiff's Notice of Motion and Motion for Default Judgment (Dkt. 5) is **DENIED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of April, 2007.

*/s/ Robert J. Bryan*
Robert J. Bryan
United States District Judge