UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMERICAN INSURANCE COMPANY, a Nebraska corporation,

    Plaintiff,

v.

WILLIAM E. GRAY, an individual, WILLIAM E. GRAY AND CHERYL GRAY, husband and wife and their marital community, RICHARD L. BATES, an individual, and RICHARD W. BATES, an individual,

    Defendants.

CASE NO. C07-5066RJB

**ORDER**

This matter comes before the Court on Plaintiff American Insurance Company's Motion for Dismissal of Defendant Richard W. Bates's Counterclaim. Dkt. 36. The Court has considered the pleadings filed in support of and in opposition to the motion and the file herein.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

From July 16, 2005 to July 16, 2006, American Insurance Company ("American") provided a Dental Professional Liability insurance policy to William E. Gray, an orthodontist. Dkt. 1. The insurance policy between American and Dr. Gray contains several parts including: dental professional liability, dentist's commercial general liability, hired automobile liability, and employee benefits administration liability. Dkt. 39-2. The policy also contains various exclusions.

ORDER
Page 1

1 *Id*.

2      In 2006, Richard W. Bates ("R. W. Bates") filed a suit in Clallam County, Washington
3 alleging that Defendants Dr. Gray (R. W. Bates' orthodontist) and Richard L. Bates (R. W.
4 Bates' father) sexually molested R. W. Bates from 1981 through 1988. Dkt. 1-2, at 2. The
5 Clallam County case, was filed under cause number 06-2-01080-1. Dkt. 1-2. Dr. Gray then
6 contacted American, and informed it of the suit. Dkt. 1-1, at 3.

7      On February 12, 2007, American filed the Complaint in this case against Defendants Dr.
8 Gray, Cheryl Gray, Richard L. Bates, and R. W. Bates, seeking a declaration that it has no duty to
9 defend or indemnify its insured, Dr. Gray, against the lawsuit filed by R. W. Bates. Dkt. 1.

10      On May 21, 2007, based upon a stipulation between the parties, Defendants Dr. Gray and
11 Richard L. Bates were dismissed from this action. Dkt. 34. As a part of the stipulation,
12 Defendant Dr. Gray agreed not to assign any of his American insurance policy rights that relate to
13 the allegations by R. W. Bates to anyone else. *Id*. On May 21, 2007, based upon a stipulation
14 between the parties, Defendant Cheryl Gray was also dismissed from this action. Dkt. 33.

15      On June 6, 2007, after his attorney accepted service of American's complaint on his
16 behalf, R. W. Bates filed an Answer and Counterclaim. Dkt. 35. R. W. Bates' Answer alleges
17 that Dr. Gray, as a medical provider, is required by law to report sexual abuse of minors. *Id*. He
18 alleges that Dr. Gray negligently failed to report the sexual abuse, committed by R. W. Bates's
19 father and by Dr. Gray himself, to the States of Washington and Alaska, where these events took
20 place. *Id*. at 4. R. W. Bates alleges that some of the sexual abuse took place in Dr. Gray's office.
21 *Id*. His argues that because the failure to report the abuse took place in conjunction with the
22 provision of dental services, he is entitled to a declaration that the policy with American applies to
23 these "acts of negligence." *Id.*, at 5.

24 PENDING MOTIONS

25      American now moves for dismissal of R. W. Bates' counterclaim pursuant to Fed. R. Civ.
26 P. 12(b)(6), arguing: 1) R. W. Bates' counterclaim fails because it raises new claims that are not
27 the subject of the underlying suit, 2) allegations of negligence cannot be manufactured in order to
28

trigger insurance coverage, and 3) the insured's failure to report the sex abuse is a crime - not negligence. Dkt. 36. R. W. Bates files a response arguing: 1) the insured's negligent failure to report the sex abuse creates liability under the general liability portion of the policy, and 2) the fact that the failure to report the sexual abuse constitutes a crime is not a basis for denying a claim under the general liability portion of the policy. Dkt. 37. American replies: 1) the general liability portion of the policy is "occurrence" based coverage (that is, to be covered, the event must occur within the policy period of 2005-2006), not a "claims made" form of coverage (that is, to be covered the claim must be made within the policy period), 2) although the dental professional liability coverage applies to claims made on or after the retroactive date of July 16, 1985, R.W. Bates acknowledges that this part of the policy does not apply, 3) the intentional acts exclusion applies to Dr. Gray's failure to report the sexual abuse, and 4) the failure to report the sex abuse was not the proximate cause of any of R. W. Bates' injuries. Dkt. 38.

## II. DISCUSSION

### A. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM STANDARD

A court may dismiss a claim if it appears beyond doubt that the plaintiff can prove no set of facts to support the claim that would entitle the plaintiff to relief. *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983), *citing Conley v. Gibson*, 355 U.S. 41, 45-56 (1957). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). However, a plaintiff must plead factual allegations with specificity; vague and conclusory allegations of fact fail to state a claim for relief. *Colburn v. Upper Darby Township*, 838 F.2d 663, 666 (3rd Cir. 1988). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1968-1969 (May 21, 2007) (*internal*

ORDER
Page 3

1  *citations omitted*).  Factual allegations must be enough to raise a right to relief above the

2  speculative level.  *Id.*  If a claim is based on a proper legal theory but fails to allege sufficient

3  facts, the plaintiff should be afforded the opportunity to amend the complaint before dismissal.

4  *Keniston v. Roberts*, 717 F.2d at 1300.  If the claim is not based on a proper legal theory, the

5  claim should be dismissed.  *Id*.

   **B.     COVERAGE UNDER THE GENERAL LIABILITY PART OF THE POLICY**

   Although it is unclear whether R.W. Bates has any basis to make a claim against American in light of Dr. Gray's agreement not to assign any of his rights under the policy to anyone else, this opinion will review the policy to examine if R. W. Bates's counter claim should be dismissed. R. W. Bates concedes that the only portion of the policy that could apply to his counterclaim is the "Dentist's Commercial General Liability."  Dkt. 37, at 3 n. 1.  The "Dentist's Commercial General Liability - Occurrence" part of the policy states as follows:

   **Bodily Injury and Property Damage Liability**

   We will pay all sums which the [sic] you and others covered under this coverage section of the policy are legally required to pay as **damages** because of **bodily injury** or **property damage** (including **named perils damage**) to which this coverage applies.

   **Personal Injury and Advertising Injury Liability**

   We will pay all sums which you and others covered under this coverage section of the policy are legally required to pay as **damages** because of **personal injury** or **advertising injury** to which this coverage applies.

   Dkt. 39-2, at 15-16 (*emphasis in original*).  American argues, in its Reply, that the counterclaim, if based on this part of the policy, should be dismissed because the injuries complained of occurred outside the policy period and the expected or intended acts exclusion applies.  Dkt. 38.

   1.     <u>Policy Period</u>

   The policy provides that, for a claim made under the "Dentist's Commercial General Liability" part, American will defend the insured, pay a judgment or settlement amount only when the "bodily injury or property damage occurs during the policy period."  *Id*. at 16.  The policy period is defined as the "period of time this policy is in effect from the inception date shown in the

ORDER
Page 4

1  Declarations." *Id*. at 37.  The declarations indicate that the policy period is July 16, 2005 to July

2  16, 2006.  *Id.* at 1, 4, 6 and 7.

3  R.W. Bates alleges that the sexual abuse occurred from 1981 through 1988.  Dkt. 1-2, at

4  2.  There is no allegation that R. W. Bates was sexually abused during the policy period of July

5  16, 2005 to July 16, 2006, or that Dr. Gray negligently failed to report such abuse during the

6  policy period.  The plain, unambiguous language of the "Dentist's Commercial General Liability"

7  part of the policy requires that the "bodily injury" occur from July 16, 2005 to July 16, 2006.

8  R.W. Bates' counterclaim should be dismissed because the alleged "bodily injury" complained of

9  and Dr. Gray's failure to act occurred before the policy's effective date.

10        2.  <u>Exclusion for Expected or Intended Acts</u>

11  American argues that R.W. Bates' counterclaim, for negligent failure to report sexual

12  abuse, should be dismissed because the expected or intended acts exclusion of the policy applies.

13  Dkts. 36 and 38.  The exclusion to the "Dentist's Commercial General Liability - Occurrence"

14  part of the policy states that American does "not cover **bodily injury, personal injury** or

15  **property damage** expected or intended from the standpoint of the **insured**."  Dkt. 39-2, at 19.

16  The issue is whether Dr. Gray's failure to report Robert L. Bates' (the victim's father) and

17  his own sexual abuse of R. W. Bates was intentional or was negligent.  As a federal court sitting

18  in diversity, this court is bound to apply state law.  *State Farm Fire and Casualty Co. v. Smith*,

19  907 F.2d 900, 901 (9th Cir. 1990).  In the state of Washington, an intent to injure (while normally

20  a subjective determination under the wording of this type of intentional act exclusion) is inferred

21  to the insured in sex abuse cases.  *Rodriguez v. Williams,* 107 Wash.2d 381, 387(1986)(holding

22  that despite his subjective intent, an insured intends harm as a matter of law when he commits

23  incest, and so recovery under an insurance policy with an intentional acts exclusion is precluded).

24  Moreover, Washington courts have held that where "an abuser's allegedly negligent acts toward a

25  victim are close in space and time, or inextricably linked, to a continuous pattern of sexual abuse

26  of the victim, an intent to injure can be inferred as a matter of law."  *American Economy Ins. Co.*

27  *v. Estate of Wilker*, 96 Wash. App. 87, 94 (Div. 1 1999).

28

ORDER
Page 5

1  Here, it should be inferred, as a matter of law, that Dr. Gray intended to harm R. W. Bates
2  when he failed to report the sexual abuse in light of the fact that Dr. Gray was one of the alleged
3  abusers. R.W. Bates' claims in the Clallam County case against his father and Dr. Gray are for a
4  continuous pattern of sexual abuse. Dkt. 1-2. R. W. Bates alleges that his father and Dr. Gray
5  were homosexual lovers and sexually abused him from 1981-1988. *Id*. He alleges that on at least
6  two occasions, both men took him out of state and sexually abused him. *Id*. It appears then, that
7  Dr. Gray's failure to report the abuse was "inextricably linked" to his ability to continue to
8  victimize R. W. Bates. To the extent that Dr. Gray's failure to report the abuse could be
9  considered a negligent act, Washington state law requires an inference of an intent to injure in
10 interpreting the intentional acts exclusion. This holding is limited only to cases like the one here,
11 where the insured (Dr. Gray) is one of the individuals sexually abusing a child. R. W. Bates'
12 assertion, that perhaps Dr. Gray did not report the sexual abuse because he may have "been
13 unaware of his duty, or may have wished not to get involved" (Dkt. 37, at 5), contradicts all the
14 allegations of intentional sexual abuse in his Amended Complaint. American properly points out
15 that the failure to report the abuse, though couched as a negligence claim, is predicated solely on
16 Dr. Gray's intentional sexual misconduct, and is, in reality, a claim for an intentional act.
17 Accordingly, R. W. Bates' counterclaim for a declaration that the policy applies to Dr. Gray's
18 negligent failure to report the sexual abuse should be dismissed.

### III.   ORDER

20 Therefore, it is hereby, **ORDERED** that American Insurance Company's Motion for
21 Dismissal of Defendant Richard W. Bates's Counterclaim (Dkt. 36) is **GRANTED**, and
22 Defendant Richard W. Bates' counterclaim is **DISMISSED**.

The Clerk of the Court is instructed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 14th day of August, 2007.

_____
ROBERT J. BRYAN
United States District Judge